UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON NICKERSON,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE ATTORNEY GENERAL'S OFFICE (KEVIN HARTZE #16779); WASHINGTON ATTORNEY GENERAL BOB FERGUSON,<br><br>                Defendants. | NO. 4:22-CV-5093-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO WITHDRAW AS COUNSEL |

BEFORE THE COURT are Defendants' Motion to Dismiss (ECF No. 9) and Motion to Withdraw as Counsel (ECF No. 12). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 9) and Motion to Withdraw as Counsel (ECF No. 12) are GRANTED.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO WITHDRAW ~ 1

**BACKGROUND**

This matter relates primarily to a Washington state child support order that was entered against Plaintiff. Plaintiff's Complaint challenges Defendants' representation of the State of Washington in a review hearing for the child support order. ECF No. 1 at 6. Plaintiff alleges the child support order violates federal law and seeks to have the order vacated by this Court. *Id.* at 7. Defendants move to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to properly serve Defendants, the Court lacks subject matter jurisdiction, and Plaintiff has failed to state claims upon which relief may be granted. ECF No. 9 at 1–2.

**DISCUSSION**

**I.    Motion to Dismiss**

Pursuant to Rule 12(b)(1), Defendants argue dismissal is appropriate because they are protected under the doctrines of sovereign immunity and Eleventh Amendment immunity. ECF No. 9 at 7. A defendant may move for dismissal of a complaint if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). However, "Eleventh Amendment immunity . . . does not implicate a federal court's subject matter jurisdiction in any ordinary sense." *ITSI T.V. Prods., Inc. v. Agric. Associations,* 3 F.3d 1289, 1291 (9th Cir. 1993). Rather, the Ninth Circuit treats Eleventh Amendment immunity as an affirmative defense, and defendants bear the burden to prove they are entitled to its protections. *Id.*

It is well settled that states and state agencies are "immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 (9th Cir. 2003); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There are three exceptions to this immunity. *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1035 (C.D. Cal. 2019), *aff'd,* 806 F. App'x 581 (9th Cir. 2020). First, Congress may abrogate immunity through its lawmaking powers; second, a state may waive its immunity by consenting to suit; and third, state officials acting in their official capacity are not immune from suit where prospective relief is sought. *Id.* None of these exceptions apply in the case at hand.

There is no Congressional abrogation under any of Plaintiff's causes of action nor have Defendants consented to suit. Moreover, although Plaintiff names Attorney General Bob Ferguson and Assistant Attorney General Kevin Hartze in their official capacities as defendants in this matter, he does not seek prospective relief from those individuals. Rather, Plaintiff challenges Defendants' representation of the State of Washington in a review hearing for the child support order and seeks to have the order vacated by this Court. ECF Nos. 1 at 7; 9 at 10. Therefore, it appears Plaintiff's true complaint lies with the Attorney General's Office, not with the named defendants. Because the Attorney General's Office is

an entity of Washington State, Eleventh Amendment immunity applies. *See Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) ("The state need not be a named party defendant for the eleventh amendment to apply."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Notably, Plaintiff's Response seems to concede as much, stating Plaintiff "brought this case . . . to try to get the State of Washington to follow the Black and White letter of the law." ECF No. 10 at 1.

Because the State of Washington is the true party in interest in this matter, the Court finds Defendants are entitled to Eleventh Amendment immunity. The Court need not reach Defendants' other theories of dismissal. Additionally, a review of Plaintiff's claims reveals it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Accordingly, Plaintiff's claims against Defendants are dismissed with prejudice.

**II.    Motion to Withdraw**

Defendants filed a Motion to Withdraw as Counsel on behalf of Assistant Attorney General Bernadette Gomez, who has since passed away. ECF No. 13. Assistant Attorney General Joseph Christy, Jr. remains as Defendants' counsel of

record.  Pursuant to LCivR 83.2(d), Defendants' motion is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**.  The claims asserted against Attorney General Ferguson and Assistant Attorney General Hartze are **DISMISSED with prejudice**.

2. Defendants' Motion to Withdraw Assistant Attorney General Bernadette Marie Gomez as Counsel (ECF No. 12) is **GRANTED**.

3. The Clerk of the Court shall adjust the docket accordingly.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **close** the file.

DATED January 17, 2023.



THOMAS O. RICE
United States District Judge